**Earnest Wayne SORRELL,**
**Petitioner–Appellant,**

v.

**Dayton J. POPPELL, Warden; Drew**
**Edmondson, Respondents–**
**Appellees.**

**No. 02–6266.**

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 2003.

Earnest Wayne Sorrell, Lawton, OK, for
Petitioner–Appellant.

Before EBEL, HENRY, and HARTZ,
Circuit Judges.

**ORDER AND JUDGMENT***

HENRY, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously to decide this case on the briefs
without oral argument. See Fed. R.App.
P. 34(f) and 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without
oral argument.

Earnest Wayne Sorrell requests a certif-
icate of appealability so that he may appeal
the district court's denial of his petition
filed pursuant to 28 U.S.C. § 2254. He
essentially argues that he received inade-
quate assistance of counsel at the time of
his nolo contendere plea before state court.

Before we can turn to Mr. Sorrell's re-
quest, we note that Mr. Sorrell's notice of
appeal to the Tenth Circuit was filed be-
yond the 30–day window permitted under
our rules. See Fed. R.App. P. 4(a)(1)(A)
(noting that the notice of appeal "must be

filed ... within 30 days"). The 30–day
window for the filing of Mr. Sorrell's notice
of appeal closed on Monday August 19,
2002; his notice of appeal was filed two
days later on Wednesday August 21, 2002.
The certificate of mailing indicates that the
notice of appeal was sent during the month
of July 2002, but the exact date is left
blank. Mr. Sorrell attested that he hand-
ed his notice of appeal to prison officials on
July 31, 2002. See Houston v. Lack, 487
U.S. 266, 275–76, 108 S.Ct. 2379, 101
L.Ed.2d 245 (1988) (holding that a prison-
er's document could be regarded as filed
on the date it was delivered to prison
officials for mailing); Fed. R.App. P. 4(c).
Mr. Sorrell's attestations are uncontested.
Therefore we hold that we have jurisdic-
tion in this case.

Mr. Sorrell failed to raise any objections
to the magistrate judge's report and rec-
ommendation, as he was required, by July
15, 2002. See Rec. doc. 7, at 12 (Dist. Ct.
Order granting Mr. Sorrell extension of
time to file objections to the Report and
Recommendation). It is well established
that "[f]ailure of a [party] to object to a
magistrate judge's recommendations re-
sults in a waiver of appellate review."
Fottler v. United States, 73 F.3d 1064,
1065 (10th Cir.1996). Mr. Sorrell's pro se
status does not protect him from applica-
tion of this rule because he was "properly
informed of the consequences of his failure
to object." Id.; see also Rec. doc. 7, (Mag.
Judge Report and Recommendation, at 15)
("Petitioner is further advised that failure
to make timely objection to this Report
and Recommendation waives right to ap-
pellate review of both factual and legal
issues contained herein."). Though an ex-
ception to the rule may be made "where
the interests of justice so require," Fottler,

---

898

73 F.3d at 1065, our review of the record leads us to conclude that the interests of justice do not require us to make an exception in this case. Mr. Sorrell does not claim any circumstance for which the interests of justice might dictate a review of the waived issues. Indeed, he fails to provide any explanation whatsoever for his failure to object to the report and recommendation, apart from his suggestions that for "reasons unknown" his objections to the report and recommendation "did not reach the Court." Aplt's Br. at 2. Mr. Sorrell has not made a substantial showing of a denial of a federal right. He has raised no arguments which require further proceedings or that are debatable among jurists of reason. *See Slack v. McDaniel,* 529 U.S. 473, 474, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Accordingly, Mr. Sorrell's request for a certificate of appealability is DENIED and his appeal is DISMISSED

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.